## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE, NORTHERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF LEEROY HICKMAN, JR., | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| vs. | ) | No. 3:09-CV-69 |
| | ) | |
| DOUG MOORE, | ) | |
| LESLEY CRAIG, | ) | |
| ROBERT BERKLEY, | ) | |
| MATTHEW GILMORE, | ) | |
| JOHN DOE I, | ) | |
| BLOUNT COUNTY, TENNESSEE, | ) | |
| | ) | |
|     **Defendants** | ) | |

_____

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
_____

    Individual defendant officers have filed a Motion for Protective Order pursuant to Rule 26(c), *Federal Rules of Civil Procedure*, citing the pendency of their motion for Summary Judgment on the grounds of qualified immunity. Even though required by the Rule, the motion does not contain "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c)(1), *Federal Rules of Civil Procedure*. This case is set for trial on January 31, 2011, and a scheduling Order has been entered specifying "ninety (90) days before trial" or November 1, 2010 as the deadline for completion of all discovery "including the taking of depositions." [Doc. 64] Prior to the motion being filed the individual defendants had responded to one set of Interrogatories, one set of Request for Admissions and two sets of Requests for Production of Documents. See Affidavit of Counsel Exhibit A. Prior to the Motion for Protective Order being filed all counsel had by agreement set aside numerous days on which to take oral discovery depositions, but as of the date of the motion no deposition of any party or witness had been taken. See Affidavit of Counsel Exhibit A.

1

Defendant officers are alleged to have shot plaintiff's decedent in the back in the course of a misdemeanor arrest and plaintiff opposes a wholesale end to discovery based on such motion. First under Rule 26, the annoyance, burden and expense of allowing certain specified discovery to continue would be slight and such discovery would substantially assist the Court in reaching a just determination of the issue presented. Inasmuch as no discovery deposition has been taken by any party no substantial or excessive burden has occurred. See Affidavit of Counsel Exhibit A. Second, if defendants are not entitled to qualified immunity and a comprehensive Protective Order is issued, no progress will be made towards preparation for trial by individual defendants and discovery on municipal liability issues (which should not be affected by qualified immunity) would have been unnecessarily halted. See *Myers v. Potter*, 422 F.3d 347 at 357 (6th Cir. 2005). Moreover, plaintiff seeks some further discovery which is pertinent to the pending motion for summary judgment and particularly the issue of the objective reasonableness of the officers' actions in shooting Mr. Hickman. See Affidavit of Counsel Exhibit A. As set out with particularity in the Affidavit of counsel neither the location of decedent's body nor the time of his shooting has been established in the investigation or discovery to date. Unlike plaintiff in *Criss v. Kent*, 867 F.2d 259 at 262 (6th Cir. 1988), plaintiff here demonstrates a need for discovery on the probable cause issue.

"[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F2d 1229, 1240 (6th Circuit) cert. denied, 454 US 893, 102 S.Ct. 388, 70 L.Ed 2d 207 (1981). Plaintiff's counsel by affidavit has set out two basic facts: the time of the shooting and the location of the body which are pertinent to a determination of probable cause and therefore the pending Summary Judgment motion. Pursuant to Rule 56(f), *Federal Rules of Civil Procedure*, the Court may allow discovery to continue upon declaration that for specified reasons certain facts essential to opposition to the Motion are unavailable. Plaintiff would respectfully suggest that the Court in its discretion allow such discovery as is required to decide the probable cause component of qualified immunity as well as to allow continuing discovery on municipal liability and state law issues for the sake of judicial economy and efficiency.

2

Plaintiff further states that a portion of the threshold question of immunity is not truly at issue in this action and secondly that his claim is not "insubstantial." See *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) and *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987). First, in *Saucier*, the United States Supreme Court explained the distinction between the analysis of excessive force claims under the *Graham* Fourth Amendment "objective reasonableness standard" and the further "dimension" of the qualified immunity inquiry. *Saucier v. Katz*, 533 U.S. 194 at 204-205 (2001); See also *Grawey v. Drury*, 567 F3d 302 (6th Cir. 2009).

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. **An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.** If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense.
>
> *Saucier* at 205 (emphasis added).

In the instant case the particular amount of force at issue is deadly force. Two officers have fired multiple times at the back of plaintiff's decedent killing him. There is no reasonable place for argument about officers' misunderstanding "whether a particular amount of force is legal" when the force employed is the maximum amount available. Unlike Katz who complained in *Saucier* of a "gratuitously violent shove" the Hickman case does not justly call out "to protect officers from the sometimes 'hazy border between excessive and acceptable force' and to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier, supra* at 206. Every officer issued a firearm is trained in the limited circumstances in which its deadly force may be employed. Notice of where an officer's use of deadly force stands on the legal continuum is so well established as not to be an issue.

Finally, defendants' citations to authority regarding the "expectation that insubstantial suits need not proceed to trial" is inappropriate where plaintiff's decedent's life has been lost. See *Harlow v. Fitzgerald*, 457 U.S. 800 at 808 (1982) (loss of job); *Scott v. Clay County*, 205 F.2d 867 (6th Cir. 2000) (serious bodily injury); *Elder v. Hollaway*, 510 U.S. 510 (1994) (arrested without warrant); *Hunter v.*

3

*Bryant*, 502 U.S. 224, (1991) (arrested in home); *Holmes v. Kucynda*, 321 F.3d 1069 (11th Cir. 2003) (arrested while naked in bed); *Verdecia v. Adams*, 327 F.3d 1171 (10th Cir. 2003) (victim of assault). The only case cited by defendants involving loss of life is *Robinson v. Anugeta*, 415 F.3d 1252 at 1256 (11th Cir. 2005). In *Robinson* the Court found that "Anugeta had probable cause to believe that Walters posed a threat of serious physical harm" and accordingly Plaintiff failed the first step of the *Saucier* analysis. Here plaintiff's claim is not insubstantial and additional discovery is needed on the issue of probable cause to use deadly force.

Wherefore, plaintiff respectfully requests that the Court deny defendants' Motion for Protective Order and allow discovery to continue in this cause.

s/Michael H. Meares_____
Michael H. Meares, BPR #012185
DUNGAN, MEARES & WEBB
307 College Street
Maryville, Tennessee 37804
(865) 977-0632
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on July26, 2010, a copy of the foregoing Response in Opposition to Motion for Protective Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Michael H. Meares_____
Michael H. Meares, BPR #012185